<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW CHALFIN, M.D., VENUS COBA, M.D., CLIFTON COLBY DAVIS, M.D., PAMELA D'AMATO, M.D., GREG PAKONIS, M.D., ANDRE ROBONSON, M.D., KIRAN KUNA, M.D., and all others similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>ST. JOSEPH'S HEALTHCARE SYSTEM,<br><br>                    Defendant. | Civil Action No.: 14-1883 (WJM)<br><br><br><br><br><br><br><br><u>REPORT & RECOMMENDATION</u> |

<u>FALK, U.S.M.J.</u>

    Before the Court is Plaintiffs' motion to remand this case to state court. [CM/ECF No. 8.] The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). For the reasons set forth below, it is respectfully recommended that Plaintiffs' motion be **DENIED**.

<u>BACKGROUND</u>

    This is a putative class action brought by former medical residents of St. Joseph's Hospital in Patterson, New Jersey, alleging that Defendant, St. Joseph Healthcare System, was negligent in withholding too much tax from Plaintiffs' paychecks and in filing forms

with the Internal Revenue Service ("IRS").  Plaintiffs, Matthew Chalfin, M.D.; Venus Cobra, M.D.; Clifton Colby Davis, M.D.; Pamela D'Amato, M.D.; Greg Pakonis, M.D.; Andre Robonson, M.D; and Kiran Kuna, M.D., are medical doctors who performed their residency at St. Joseph's Regional Medical Center between 2003 and 2006.  (Compl., ¶¶ 1-2.)  Defendant, St. Joseph's Healthcare System, is an entity that owns and operates various hospitals in New Jersey, including St. Joseph's Regional Medical Center.  (Compl., ¶ 3.)

On February 18, 2014, Plaintiffs filed a class action complaint in New Jersey state court alleging negligence under state law.  Plaintiffs essentially seek the amount of the tax refund that they would have received if Defendant was not negligent in withholding too much.  (Compl., ¶ 27.)

On March 25, 2014, Defendant removed the case to this Court, alleging the presence of federal question jurisdiction under 28 U.S.C. § 1331.  Defendant argues that Plaintiffs' purported negligence claim is completely preempted by the tax refund statute—26 U.S.C. § 7422—because the claim seeks to recover a refund of taxes the employer collected and remitted to the U.S. Treasury as an agent of the IRS.

On April 11, 2014, Defendant filed a motion to dismiss the Complaint, which remains pending.  On April 24, 2014, Plaintiffs filed a cross-motion to remand the case to state court, arguing that their claims are standard negligence claims under state law and do not raise a federal question.

**DISCUSSION**

A.      **Legal Standard**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

A district court has original jurisdiction over cases that "arise under" the Constitution, laws or treaties of the United States. See 28 U.S.C. § 1331, 1441(a). Pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face. See Franchise Tax Bd. of Cal. v. Contr. Laborers Vac. Tr. for S. Ca., 463 U.S. 1, 10 (1983). A sweeping exception to the well-pleaded complaint rule is the doctrine of complete preemption. See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000). Complete preemption exists "for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character." Id.

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." Id.

**B.     Decision**

No matter how pleaded, the result in this case is straightforward and indisputable. Plaintiffs' claims are tantamount to a tax refund suit, which gives the Court federal jurisdiction based on complete preemption.

Defendant relies on 26 U.S.C. § 7422 to support federal jurisdiction. The statute states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereunder.

Id.

Binding Third Circuit precedent holds that any attempt to recover FICA taxes from anyone on any basis is completely preempted by Section 7422. In Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59 (3d Cir. 2008), the plaintiff sued her employer for breach of contract and unjust enrichment, alleging that the employer originally misclassified her as an independent contractor only later to adjust her classification to an employee and deduct FICA taxes. Id. at 61. The district court dismissed the suit as preempted by the federal income tax laws. Id. The Third Circuit affirmed, finding that the appropriate avenue of

redress for overpayment of taxes is to appeal directly to the IRS, and that Section 7422 applies to any tax refund suit, preempting state law claims regardless of how artfully a plaintiff attempts to label them:

> [Plaintiff] alleges that the amount withheld from her paycheck was excessive and that the 7.65 percent at issue was wrongfully collected from her.  These allegations track the language of §7422.  The statute required [plaintiff] to seek a refund from the IRS, which would in turn seek to collect the employer FICA tax due from [defendant].  **Moreover, even if we did not hold that language of § 7422 expressly preempted [plaintiff's] claim, the broad sweep of § 7422 – especially as described by the Supreme Court - suggests that Congress intended the IRS to occupy the field of tax refunds, preempting claims such as plaintiffs.**

Id. at 69 (emphasis added).

The same result was reached in Berera v. Mesa Med. Grp. LLC, 2013 U.S. Dist. LEXIS 171989 (E.D. Ky. Dec. 6, 2013).  In Berera, plaintiffs filed suit in state court asserting class claims under Kentucky state statutes "claiming that the defendant did not pay the full amount of wages and overtime compensation earned and a claim of negligence," and that "the class consists of employees who have been forced to pay the employer's share of payroll taxes and other taxes and withholdings." Id. at *2, 8. Defendant removed the action to federal court based on Section 7422, and Plaintiffs moved to remand.  The court, relying on Umland, denied the motion to remand, finding that Plaintiff's claims were preempted by Section 7422:

> The issue becomes whether Plaintiffs' claims are an attempt to recover FICA taxes that were wrongfully withheld, but veiled in state law causes of action. . . .
> The record clearly shows that Plaintiffs are attempting to recover taxes excessively withheld from their paychecks . . . .
> [T]hus, Plaintiffs' right to recover is based on federal law. . . .
> [T]he amount alleged to be withheld is a federal tax and is preempted by operation of 26 U.S.C. § 7422.

Id. at *8.

Plaintiffs do not even attempt to refute this unequivocal preemption in any way. Instead, Plaintiffs advance arguments that are essentially the same as those rejected in Umland and Barera. The reality is that Plaintiffs concede that their measure of damages is effectively the amount they claim they would have received as tax refunds. (Compl., ¶ 27.) And what Plaintiffs are attempting to do is artfully plead their complaint to recover what they contend are overpaid taxes from their employer—efforts which courts have consistently rejected. See Umland, 542 F.3d at 69. While it may seem more direct for Plaintiffs to proceed against their employer, it is impermissible under these circumstances. Id.; see also Brennan v. S.W. Airlines Co., 134 F.3d 1045, 1410-1412 (9th Cir. 1998). As explained in Umland, this complete preemption protects the integrity of the administrative scheme for tax refunds that Congress has established. Id. at 69 (citing U.S. v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 7 (2008)). The broad sweep of Section 7422 as described by the Supreme Court allows no exceptions. See Clintwood, 553 U.S. at 7.

For the reasons stated above, Plaintiff's state law negligence claim is completely

preempted by Section 7422. It is respectfully submitted that the motion to remand should be **denied**.

                                      **s/Mark Falk**
                                      **MARK FALK**
                                      **United States Magistrate Judge**

**DATED: October 10, 2014**