NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW CHALFIN, ET AL.,**<br><br>Plaintiff,<br><br>v.<br><br>**ST. JOSEPH'S HEALTHCARE SYSTEM,**<br><br>Defendant. | Civ.No. 2:14-1883 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This putative class action comes before the Court on Plaintiffs' motion for remand pursuant to 28 U.S.C. § 1447(c) and Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Magistrate Judge Mark Falk entered a Report and Recommendation on October 10, 2014 ("the R&R") in favor of denying Plaintiffs' motion for remand. After conducting a *de novo* review of the R&R, the R&R is adopted as the opinion of this Court and Plaintiffs' motion for remand is **DENIED**. Moreover, for the reasons set forth in this opinion, Defendant's motion to dismiss is **GRANTED**.

**I. BACKGROUND**

  Plaintiffs originally filed this action in the New Jersey Superior Court, Essex County. They seek to represent a class of individuals who performed their medical residencies "in or around" the years 2003 to 2006 at various New Jersey hospitals owned and operated by Defendant. (Complaint at ¶¶ 1,3,4-6) Plaintiffs assert that their status as medical residents entitled them to a FICA tax refund during the years of their residency because Defendant withheld an excessive amount of tax from their paychecks. (*Id*. at ¶ 5) They specifically allege that Defendant acted negligently when it failed to submit the requisite paperwork with the Internal Revenue Service ("IRS") to redeem Plaintiffs' refund. (*Id*. at ¶ 6) Plaintiffs claim that their damages would be the sum total of what each

individual resident would have recouped from the IRS had Defendant submitted the required paperwork.  (*Id*. at ¶ 27).

On March 25, 2014, Defendant removed the action to federal court pursuant to 28 U.S.C. § 1441.  ECF No. 1.  On April 24, 2014, Plaintiffs moved to remand the case back to state court.  ECF No. 8.  On October 10, 2014, U.S. Magistrate Judge Mark Falk issued the R&R, which recommended that the Court deny Plaintiff's motion for remand.  ECF No. 17.  In rejecting Plaintiffs' arguments for remand, the R&R first noted that while Plaintiffs purport to bring a negligence action, in reality this is a tax refund suit.  (R&R at 4)  Resting on the doctrine of complete preemption, the R&R concluded that because 26 U.S.C. § 7422 and its related provisions have been found to exclusively govern tax refund actions, Plaintiffs' claim arises under an Act of Congress and is thus removable under 28 U.S.C. § 1441.

Defendant has also filed a motion to dismiss that is largely premised on the same theory that supports its argument for removal, namely that Plaintiffs' claim is governed by 26 U.S.C. § 7422.  ECF No. 6.  Defendant contends that the Complaint must be dismissed because under § 7422, any party who wishes to bring a tax refund suit in court must first exhaust certain administrative remedies, which Plaintiffs have failed to do.  (MTD at 8)  Defendant further argues that § 7422 suits can only be maintained against the United States and even if that were not the case, Plaintiffs' claim would be time-barred.  (MTD at 10, 14).  In response, Plaintiffs contend that they do not accuse the United States of engaging in any wrongdoing and therefore the requirements of § 7422 do not apply.  ECF No. 8, Opp. at 4.

## II.     PLAINTIFFS' MOTION TO REMAND

As discussed in the foregoing section, Judge Falk concluded that Plaintiffs' claim was exclusively governed by 26 U.S.C. § 7422 and therefore removable.  ECF No. 17.  Accordingly, the R&R recommended that this Court deny Plaintiffs' motion for remand.  *Id*.  The parties were notified that they had fourteen days to submit objections and responses to the R&R pursuant to Local Civil Rule 72.1(c)(2), but they declined to avail themselves of that opportunity.  *Id*.  The Court has reviewed the R&R *de novo* and finds that the R&R correctly concluded that Plaintiffs' action was removable.  Therefore, the R&R is adopted as the opinion of this Court and Plaintiffs' motion to remand is **DENIED**.

## III.    DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant moves to dismiss Plaintiffs' complaint on the ground that Plaintiffs have failed to exhaust the administrative

remedies laid out in 26 U.S.C. § 7422.  The Court agrees with Defendant's position and will grant its motion to dismiss. [1]

### A. Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a factual attack, like the one in this case, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997).  The plaintiff bears the burden of proving that jurisdiction exists.  *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3rd Cir. 2000).

### B. Failure to Exhaust Administrative Remedies

28 U.S.C. § 7422 provides the exclusive cause of action for the recovery of any internal revenue tax "alleged to have been erroneously or illegally assessed or collected." 26 U.S.C. § 7422; *Umland v. PLANCO Financial*, 542 F.3d 59, 68-69 (3d Cir. 2008).  § 7422(a) provides that a party may not bring suit for a tax refund "until a claim for refund or credit has been duly filed" with the IRS.  26 U.S.C. § 7422(a).  The claim must be made no later than "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later."  § 6511(a).  Moreover, "[n]o credit or refund shall be allowed or made" if a claim is not filed within the time limits set forth in § 6511(a).   § 6511(b).   Compliance with § 7422(a) is a jurisdictional prerequisite to bringing suit and cannot be waived.  *See C.I.R. v. Lundy,* 516 U.S. 235, 240 (1996).

---

[1] It may seem contradictory to first hold that a case is removable because it arises under federal law and then grant a motion to dismiss for lack of subject-matter jurisdiction; however the two actions are reconcilable.  Plaintiffs have brought a tax refund action, which exclusively arises under federal law and is therefore removable under 28 U.S.C. § 1331.  While Plaintiffs have asserted a federal claim subject to removal, they have failed to meet other jurisdictional prerequisites for proceeding with their claim in federal court. *Cf. Huberty v. U.S. Ambassador to Costa Rica*, 316 Fed.Appx. 120, 121 (3d Cir. 2008) (affirming post-removal 12(b)(1) dismissal for failure to meet FTCA notice requirements); *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1412 (9th Cir. 1998) (affirming post-removal dismissal of action for failure to meet exhaustion requirements of 26 U.S.C. § 7422(a))

Here Plaintiffs do not contend that they have filed a timely refund claim pursuant to § 7422(a). Instead, they assert that the requirements of § 7422(a) are inapplicable to this case because the party accused of wrongdoing is St. Joseph's Healthcare System, not the IRS or the United States. (Opp. at 5) The Court disagrees. First, § 7422(a) has an expansive reach; it states that "*no* suit shall be maintained…for the recovery of *any* internal revenue tax alleged to have been erroneously or illegally assessed or collected" until a notice of claim is filed. § 7422(a) (emphasis added). Therefore, § 7422(a) applies to any suit seeking taxes that were erroneously collected, regardless of who is responsible for the erroneous collection. For example, courts have applied § 7422 to cases in which private airline companies erroneously charged a 10% "excise tax" to airline ticket sales and directed those monies to the IRS. *See e.g., Brennan v. Southwest Airlines Co.,* 134 F.3d 1405 (9th Cir. 1998); *Sigmon v. Southwest Airlines Co.,* 110 F.3d 1200 (5th Cir. 1998); *Kaucky v. Southwest Airlines Co.,* 109 F.3d 349 (7th Cir. 1997); *Eisenman v. Continental Airlines, Inc.,* 974 F.Supp. 425 (D.N.J. 1997). In those cases, it was the fault of the airlines – not the United States or IRS – that formed the basis of the plaintiffs' tax refund claims. Nonetheless, § 7422 still applied. The same is true here. Plaintiffs assert that because taxes were erroneously collected from them, they are entitled to a refund. While Defendant may have put them in their alleged predicament by failing to file certain paperwork with the IRS, this is still a tax refund case subject to § 7422(a). Because Plaintiffs do not even refute that they did not file a notice of refund pursuant to § 7422(a),[2] their Complaint is **DISMISSED WITH PREJUDICE.**

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs motion to remand is **DENIED** and Defendant's motion to dismiss is **GRANTED**. An appropriate Order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 31, 2014**

---

[2] Even if Plaintiffs did file a claim for refund , their claim must be dismissed because only the United States can be named as a Defendant in an action under § 7422. *See* 26 U.S.C. § 7422(f)(1).